UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MSE DISTRIBUTING, INC., AUTOL ADY, INC., and JOHN SULLIVAN d/b/a GMF ENTERPRISES, INC.,

Plaintiffs,

v.

SOUTHWEST REINSURE, INC., and SOUTHWEST RE, INC.

Defendants.

Case No: 10-cv-00880-RLP-WDS

Case No: 10-cv-00935-MCA-LFG

## SOUTHWEST REINSURE, INC. AND SOUTHWEST RE, INC.'S MOTION TO VACATE ARBITRATION AWARD

COMES NOW Southwest Re, Inc. and Southwest Reinsure, Inc. (collectively referred to at times as "SWRe") by and through its undersigned counsel, SAUCEDO LAW FIRM, P.C. (Christopher T. Saucedo), CROWLEY & GRIBBLE, P.C. (Clayton E. Crowley) and MENDEL BLUMENFELD, LLP, (David Abell), move to vacate the Arbitration Award pursuant to § 10 of the Federal Arbitration and § 44-7A-24 of the New Mexico Uniform Arbitration Act. For the following reasons SWRe's motion should be GRANTED. SWRe states the following in support of its Motion to Vacate Arbitration Award.

1. On September 8, 2010, a three-person arbitration panel proceeded with a unilateral arbitration in the absence of and over objections by SWRe. An Arbitration Award was entered sent via FedEx to SWRe on September 10, 2010.

2. The award should be vacated because there was not a valid agreement to arbitrate the issues in dispute in front of that arbitration panel. Issues of substantive arbitrability,

including whether there was a valid agreement to arbitrate the issues in dispute in front of a particular arbitration panel, should have been judicially determined prior to proceeding with the arbitration.

3. Even assuming arguendo that the issues were arbitrable by that arbitration panel, the award should be vacated because MSE, AutoLady, and GMF's coercive application of procedure constituted malicious abuse of process, the arbitrators were partial or corrupt, and the arbitration award was procured by undue means and denied SWRe due process.

4. An arbitration award is subject to vacation where, inter alia

    a. "the award was procured by corruption, fraud, or undue means";

    b. "there was evident partiality or corruption" in any of the arbitrators;

    c. "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced";

    d. "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made";

    e. the arbitration panel's decision is in "manifest disregard of the law";

    f. there was no agreement to arbitrate; or

    g. the party requesting arbitration failed to give proper notice, including describing the nature of the controversy and the remedy sought.

9 U.S.C. § 10; §§ 44-7A-24(a); 44-7A-10(a); ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995).

5. A motion to vacate an arbitration award is a dispositive motion, therefore approval of this motion was not sought from opposing counsel.

6. SWRe's Response in Opposition to Plaintiffs' Motion to Confirm Arbitration Award (dkt 5; Case No. 1:10-CV-00880-RLP-WDS) is hereby incorporated.

7. Southwest Reinsure, Inc. and Southwest Re, Inc.'s Memorandum in Support of this Motion has been filed concurrently.

WHEREFORE Southwest Reinsure, Inc. and Southwest Re, Inc. respectfully request that the arbitration award be vacated by this Court.

Respectfully submitted,

**SAUCEDO LAW FIRM, P.C.**

By: /s/ Christopher T. Saucedo
    Christopher T. Saucedo
6801 Jefferson St. NE, Suite 410
Albuquerque, NM 87109
T: 505.338.3945
F: 505.338.3950
csaucedo@saucedolaw.com

David Abell
**MENDEL BLUMENFELD, LLP**
4811 Hardware NE, Suite B-2
Albuquerque, NM 87109
T: 505.349.8800
F: 505.212.0014
dabe@acaciapark.com

Clayton E. Crowley
**CROWLEY & GIBBLE, P.C.**
4811 Hardware NE, Suite D-5
Albuquerque, NM 87109
T: 505.314.1450
F: 505.314.1452
cec@cglawfirm.com

*Attorneys for Southwest Reinsure, Inc. and Southwest Re, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December 2010, I filed the foregoing pleading electronically through CM/ECF system which caused the following parties or counsel to be served by electronic means as more fully reflected on the notice of electronic filing:

Matthew V. Bartle
**Graves Bartle Marcus & Garrett, LLC**
1100 Mail Street, #2700
Kansas City, Missouri 64105

Arlyn G. Crow,
**Arlyn G. Crow, P.C.**
1001 5th Street, N.W.
Albuquerque, NM 87102

By: /s/ Christopher T. Saucedo
    Christopher T. Saucedo